IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Troy Regis, | : | |
|     12002 Stage Coach Drive | : | |
|     Germantown, MD 20876 | : | |
|     Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | **Jury Demanded** |
| Alejandro Mayorkas, Secretary of U.S. Department | : | |
| of Homeland Security, U.S. Secret Service, | : | |
|     950 H St NW #7800, | : | |
|     Washington, DC 20223 | : | : |
|     Defendant. | : | |

## **COMPLAINT**

Plaintiff, Troy Regis, brings this action alleging discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Age Discrimination in Employment Act (ADEA) against his employer, Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security, U.S. Secret Service.

**I.**     **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of the instant complaint Pursuant to 28 U.S.C. § 1331 because the plaintiff brings an action arising under the laws of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because the Defendant resides and the acts giving rise to the Complaint arose in this District.

**II.**     **PARTIES**

1

3. Plaintiff, Troy Regis ("Regis") at all times material to the averments of this Complaint, is a citizen of the state of Maryland and was an employee of the U.S Department of Homeland Security, U.S. Secret Service ("USSS"). Plaintiff served as a Fingerprint Specialist, GS-0072-13 within the USSS Forensic Services Division.

4. Defendant, Alejandro Mayorkas, Secretary of the Department of Homeland Security, U.S. Secret Service, is a United States executive agency and at all times material to the averments of this Complaint, employed Plaintiff Regis.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff exhausted all administrative remedies. Plaintiff timely sought EEO counseling with an EEO officer within forty-five (45) days of the last act of harassment and reprisal. Plaintiff timely filed a formal complaint on December 31, 2022. More than 180 days have passed since the filing of Plaintiff's Formal Complaint and no final decision from the Agency has been issued and the Agency has not otherwise resolved the issues of Plaintiff's Formal Complaint.

## IV. FACTS

### A. Background

6. Regis is African American, born in Trinidad and Tobago and was 59 years of age when the actions which are the subject of his claims took place. Regis also speaks with a West Indian accent.

7. Regis worked as a Fingerprint Specialist in the USSS Forensic Services Division for 14 years.

8. When Brian Jones ("Jones") and Kelli Lewis ("Lewis") became his second and

first line supervisors, they instituted a concerted effort to remove older and African American or Black employees from the Forensic Services Division.

9. Jones and Lewis excluded Regis and other older African American employees from training opportunities, excluded them assignments that would assist in their development as specialists as well as their mastery of new technologies and singled them out and over scrutinized their work to set them up for failure and removal.

10. The Forensic Services Division implemented a database and case management tool in late 2021 called LIMS. LIMS housed objective information concerning case completion, case processing and certain elements of cases.

11. Despite objective evidence which demonstrated that Regis was on track to meet the requisite number of completed cases for acceptable performance, Lewis and Jones placed Regis on a Performance Improvement Plan ("PIP"). Lewis and Jones falsely contended that Regis was not on track to complete the requisite number of cases for acceptable performance and that the cases Regis had processed contained too many errors.

12. As evidenced by the LIMS system and Fingerprint Specialists, including Regis, who were responsible for peer review of case processing, Regis level of errors or case revisions were no greater than the level of errors committed or case revisions of other Fingerprint Specialists who were not African American, Trinidadian born, over the age of 40 and who had not engaged in protected activity.

13. The PIP contained objectively unreasonable requirements for conclusion. Nevertheless, Regis completed the requisite number of cases for acceptable performance in the rating year (which ended just days after the PIP ended) and made no more errors during the PIP

than was typical of case processing.

14. Jones and Lewis, however, determined that Regis failed to successfully complete the PIP. As a result, Jones and Lewis gave Regis an unacceptable performance rating for the rating year.

15. The pressure and pace of properly processing cases is great. Jones and Lewis consistent and unwarranted subjection of Regis to greater scrutiny and false accusations concerning the pace in which he was completing work and the manner in which he was processing cases added unduly to the typical stress.

16. Additionally, Lewis and Jones required that Regis participate in weekly "check-ins" with a non supervisory employee. The check-ins took away time from Regis' normal work day and were unnecessary. Fingerprint Specialists outside of Regis protected classes were not similarly required to participate in weekly check-ins.

17. Lewis and Jones also subjected Regis to verbal reprimands concerning his performance. The basis of the reprimands were false, to include his pace of work and the method in which he completed case assignments, and reflected their discriminatory animus against African Americans and older employees.

18. Lewis and Jones canceled Regis' telework privileges. Fingerprint Specialists outside his protected classes were not similarly treated in that Lewis and Jones did not cancel their telework privileges.

19. Prior to being placed on the PIP, Regis complained to Jones Lewis' supervisor, Glenn Dennis ("Dennis"). Regis complained that he had been treated less favorably than others outside his protected classes in that Jones and Lewis were subjecting him to greater scrutiny and

accusing him of lapses in or poor performance when the objective evidence illustrated the false nature of their claims. Despite Regis and other older, African American and one white Fingerprint Specialist complaining to Dennis about disparate treatment and/or Lewis and Jones intent to remove African American and older employees from their positions, Dennis took no action. Regis then sought EEO counseling and filed a formal EEO complaint concerning the discriminatory conduct. Regis' supervisors soon after placed on a PIP.

V.    **CLAIMS**

**COUNT I - RACE AND AGE DISCRIMINATION (Title VII, ADEA)**

20.    Plaintiff restates and realleges the allegations of paragraphs one (1) through 19 as if fully set forth herein and further alleges as follows:

21.    Defendant placed Plaintiff on an objectively unreasonable PIP, indicated he failed the PIP and issued an unacceptable performance rating because of Plaintiff's race, African American and his age. Defendant did not subject non-African American Fingerprint Specialists and those under the age of 40 to a PIP or an unacceptable performance rating despite Plaintiff's objectively superior performance when compared to those individuals.

22.    As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act ("ADEA"), Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make him whole in addition to attorney fees and costs.

**COUNT II - HARASSMENT BASED ON RACE AND AGE (Title VII, ADEA)**

23.    Plaintiff restates and realleges the allegations of paragraphs one (1) through 19 as

if fully set forth herein and further alleges as follows:

24. Defendant, to include Plaintiff's supervisors, subjected Plaintiff to a hostile work environment because of his race and age. The harassment was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and to cause Plaintiff to suffer emotional harm, to include stress and mental anguish. Defendant's failed to investigate Plaintiff's allegations of harassment and take steps to promptly prevent and correct the harassment.

25. As a direct and proximate result of Defendant's harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

**COUNT III - RETALIATION (Title VII, ADEA)**

26. Plaintiff restates and realleges the allegations of paragraphs one (1) through 19 as if fully set forth herein and further alleges as follows:

27. Plaintiff's supervisors were aware of his protected activity, namely formal and informal complaints of discrimination and retaliation by his supervisors.

28. As a result of Plaintiff's protected activity, Defendant engaged in conduct which would have dissuaded a reasonable person from complaining, to include placing Plaintiff on a PIP and giving Plaintiff an unacceptable performance rating.

29. As a direct and proximate result of Defendant's retaliatory conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in

Employment Act ("ADEA"), Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

## VI. PRAYER FOR RELIEF

Plaintiff requests the following relief:

(1) An order declaring that Defendant has violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act;

(2) An order enjoining Defendant against continued and further discrimination, harassment and retaliation against Plaintiff;

(3) Compensatory damages in amounts to be determined by a jury;

(4) Attorney's fees, case expenses and court costs; and

(6) Any other relief determined appropriate, including a corrected performance rating.

**JURY DEMANDED.**

Respectfully submitted:                                                                 August 19, 2024

Eden Brown Gaines #489862
Brown Gaines, LLC
200 Maine Ave, SW
Suite 200
Washington, DC 20024
Main (202) 803-8718
Fax (301) 542-0032
egaines@browngaines.com